IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SETH D. HARRIS, ACTING SECRETARY OF )
LABOR, UNITED STATES DEPARTMENT OF )
LABOR, )
         Plaintiff, )
)
vs. )   Civil Action No. 13-77
)
CUSTOM PATIO ROOMS, INC., )
         Defendant. )

MEMORANDUM OPINION

Presently pending before the Court is the motion of Plaintiff, Seth D. Harris, Acting Secretary of Labor, United States Department of Labor,[1] for alternative service of Defendant, Custom Patio Rooms, Inc. ("CPRI"). For the reasons that follow, the motion will be granted.

Plaintiff filed a complaint against CPRI on January 15, 2013, alleging that CPRI was the plan administrator of two employee benefit plans established under the Employee Retirement Income Security Act of 1974 ("ERISA"), but that it breached its fiduciary duties by failing to terminate the plans and distribute the assets to the participants after the employer ceased operations in or about 2009 and terminated the employment of the employees. The Court's federal question jurisdiction is invoked and Plaintiff seeks equitable relief in the form of an order removing CPRI from its position as fiduciary with respect to the plans and appointing an independent fiduciary to administer them in order to effectuate their termination and distribution of plan assets to the participants and beneficiaries. Thereafter, as detailed below, Plaintiff made repeated attempts to effectuate service, but was unsuccessful.

On April 30, 2013, Plaintiff filed a motion for alternative service.

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Acting Secretary of Labor, Seth D. Harris, is substituted for former Secretary of Labor, Hilda L. Solis.

Service of Process

Federal Rule of Civil Procedure 4(h) provides for service upon corporations, and states in pertinent part that corporations may be served:

(A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or

(B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process[.]

Fed. R. Civ. P. 4(h)(1). Rule 4(e) provides that a defendant may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Pennsylvania Rule of Civil Procedure 424 permits corporations to be served by:

handing a copy to any of the following persons provided the person served is not a plaintiff in the action:

(1) an executive officer, partner or trustee of the corporation or similar entity, or

(2) the manager, clerk or other person for the time being in charge of any regular place of business or activity of the corporation or similar entity, or

(3) an agent authorized by the corporation or similar entity in writing to receive service of process for it.

Pa. R. Civ. P. 424. Plaintiff brings its motion for alternative service under Pennsylvania Rule of Civil Procedure 430(a), which provides as follows:

If service cannot be made under the applicable rule the plaintiff may move the court for a special order directing the method of service. The motion shall be accompanied by an affidavit stating the nature and extent of the investigation which has been made to determine the whereabouts of the defendant and the reasons why service cannot be made.

Pa. R. Civ. P. 430(a).

Under Pennsylvania law, plaintiffs must meet the following three conditions for alternative service:

One, plaintiff must make a "good faith" effort to *locate* defendant. Grove [v. Guilfoyle], 222 F.R.D. [255,] 256 [(E.D. Pa. 2004)] (emphasis added); Adoption of Walker, 468 Pa. 165, 360 A.2d 603 (1976). Such good faith efforts might include, among other things, inquiries of postal authorities, inquiries of relatives, friends, neighbors, and employees of defendant, and examinations of voter registration records, local tax records, and motor vehicle records. Pa. R. Civ. P. 430(a), note. It is not necessary that plaintiff pursue every method listed in the note to Rule 430(a) in order to satisfy the good faith effort requirement.

Second, once defendant is located, plaintiff must show that she has made practical efforts to serve defendant under the circumstances. Depending on the defendant's situation, circumstances may warrant, for example, visiting the defendant's location on different days of the week, or at different times of day.

Three, if the plaintiff has satisfied the first two steps, the plaintiff's proposed alternate means of service must be reasonably calculated to provide the defendant with notice of the proceedings against him. Clayman v. Jung, 173 F.R.D. 138, 140 (E.D. Pa. 1997); Penn v. Raynor, No. Civ. A. 89-553, 1989 WL 126282, at *4 n. 3, 1989 U.S. Dist. LEXIS 12549, at *10 n.3 (E.D. Pa. Oct. 18, 1989); Kittanning Coal Co. v. International Mining Co., 551 F. Supp. 834, 838 (W.D.Pa.1982).

Calabro v. Leiner, 464 F. Supp. 2d 470, 472-73 (E.D. Pa. 2006) (footnotes omitted).

Plaintiff argues that good-faith efforts have been made to locate CPRI and Richard Edwards (CPRI's sole shareholder and officer) as follows: 1) Nicole Garrett, a Background Investigator with Corporate Security and Investigations (CSI), researched several data bases including telephone directories and public records for a current address for Edwards; 2) Garrett contacted the United States Postal Service regarding the Pittsburgh addressing for Edwards but there was no forwarding information about him; 3) Gail Hammell, Senior Investigator with the Philadelphia Regional Office of the Employee Benefits Security Administration (EBSA), United States Department of Labor, found that Edwards' residence in Monroeville, Pennsylvania had been sold and that Edwards and his wife had a new address in Pittsburgh listed on their drivers' licenses (which matched the address for Edwards' new business, NatureView); and 4) Hammell contacted Prudential Real Estate, the realty company for this address, and learned that Edwards

3

had defaulted on his lease and there was no current contact information for him. (Hammell Decl. ¶¶ 7, 10; Garrett Decl. ¶¶ 2, 6.)[2] The Court concludes that Plaintiff has met the first condition.

Plaintiff argues that numerous practical efforts have been made to serve CPRI and Edwards as follows: 1) Hammell left several messages on Edward's cell phone and sent several emails to arrange for service, but he did not return her calls or respond in any manner; 2) Hammell gave the new address in Pittsburgh to Special Agent Jeremy Metcalf of the Office of Inspector General, United States Department of Labor, but when Metcalf went to this address on three occasions and at different times of the day he was unable to locate Edwards and there did not appear to be any activity at this site; 3) Hammell called the telephone number for NatureView and left messages with the operator to give to Edwards; 5) Hammell forwarded the complaint and summons to Edward at his email address for NatureView and has not received a response; 6) Investigator John Oldham visited two addresses that Garrett identified for Edwards and spoke to tenants of the office building, but was unable to locate him; and 7) Garrett called Edwards' cell phone several times but did not reach him. (Hammell Decl. ¶¶ 6, 8-9, 11-12; Garrett Decl. ¶¶ 3-5, 7.) The Court concludes that Plaintiff has met the second condition.

Finally, Plaintiff proposes to serve CPRI by making service upon the Department of State of the Commonwealth of Pennsylvania. The Court concludes that this proposal is reasonably calculated to provide CPRI with notice of the proceeding against it. See Premium Payment Plan v. Shannon Cab Co., 2007 WL 2319776, at *2 (E.D. Pa. Aug. 13, 2007).

---

[2] ECF No. 2-3, 2-4.

O R D E R

AND NOW, this 6th day of May, 2013,

IT IS HEREBY ORDERED that Plaintiff's motion for alternative service (ECF No. 2) is granted, and Plaintiff, Seth D. Harris, Acting Secretary of Labor, United States Department of Labor, is permitted to serve Custom Patio Rooms, Inc. by serving the Department of State of the Commonwealth of Pennsylvania. Plaintiff shall file an affidavit with the Court attesting to the fact that this action has been taken.

                                                  s/Robert C. Mitchell_____
                                                  ROBERT C. MITCHELL
                                                  United States Magistrate Judge